Commonwealth vs. Angel Roman.

No. 94-P-658.

Hampden. December 18, 1996. - November 4, 1997.

Present: Armstrong, Brown, & Dreben, JJ.

Further appellate review granted, 426 Mass. 1109 (1998).

*Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,* Required finding.

In a criminal case, the judge erred in allowing the defendant's motion for a required finding of not guilty on a charge of assault and battery with a dangerous weapon, where the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that the defendant intentionally exposed the child victim to some unknown scalding agent that caused the child to be burned. [734-736] Brown, J., dissenting.

INDICTMENT found and returned in the Superior Court Department on May 26, 1992.

The case was tried before *William H. Welch,* J., and a motion for a required finding of not guilty was heard by him.

*Deborah D. Ahlstrom* for the Commonwealth.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

ARMSTRONG, J. The Commonwealth appeals from a postverdict order allowing the defendant's motion for a required finding of not guilty on a charge of assault and battery with a dangerous weapon. Review of the order is governed by the sufficiency of the evidence standard set out in *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), see *Commonwealth* v. *Doucette,* 408 Mass. 454, 456 (1990); *Commonwealth* v. *Torres,* 24 Mass. App. Ct. 317, 323-325 (1987), in contrast to review of an order allowing a motion for a new trial under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), where the judge's assessment of the weight of the evidence is irrelevant. See Smith, Criminal Practice & Procedure §§ 1921 & 1921.5 (Supp. 1997).

The victim was a seventeen month old child, the son of the

defendant's then girlfriend. The child suffered three distinct burns (first degree on the right shoulder and second degree on the left shoulder and right buttocks) in these circumstances: On the evening in question, the defendant and his girlfriend, then four months pregnant with the defendant's child, were living in the home of the defendant's mother. The girlfriend was taking a bath in a second floor bathroom. She heard the defendant in the adjoining kitchen reprimanding the child for eating a raw potato. She heard them ascend stairs to the third floor, the defendant yelling at the child and the child crying. From the bathroom upstairs, she heard the shower running and the sound of a slap. Next she heard the child utter sharp screaming sounds before the water was turned off. The defendant, when he came downstairs, told the girlfriend that the child had gotten burned a little by the hot water in the shower. The girlfriend did not go to the third floor to see the child because, she said, she did not want to get into a fight with the defendant. The following afternoon, the defendant's mother took the child to a hospital, and the child was admitted and treated for the burns.

The defendant was charged with mayhem (this was dismissed by the judge at the close of the Commonwealth's evidence); assault and battery with a dangerous weapon; and simple assault and battery (based on bruise marks, not on the burns). The Commonwealth's theory was that the burns could not have been caused by the shower and must have been caused instead by the defendant's application of some unknown scalding agent — probably heated water or a chemical. After the jury returned verdicts against the defendant on both charges, the judge ruled that the Commonwealth's evidence on the charge relative to the burns was too tenuous and ordered that charge dismissed. Sentencing on the simple assault and battery conviction was delayed pending this appeal.

The jury had an evidentiary basis for rejecting the defendant's story that the child was scalded by the shower. (His testimony was that he left the child in the shower for a couple of minutes and that the water temperature must have risen suddenly — a phenomenon that the defendant and his brother testified had occurred to them on occasion during showers.) The burn specialist who treated the child's burns in the hospital testified that the incidence of distinct burns in three separate locations ("pattern burns") was inconsistent with the more generalized burn that would be caused by water from a shower. It could be caused by

a splash, the doctor testified. On cross-examination he conceded that the child's motion could possibly have produced three burn sites, but he regarded that explanation as very unlikely. The police officers who tested the system said they could not cause the shower to change temperature markedly by turning on other faucets, and a plumber, who did the same with similar results, said that the water heater in the basement was in a middle setting, which would put the pure hot water (i.e., not mixed with cold) at 110 degrees to 115 degrees Fahrenheit. The doctor who specialized in burns testified that water could not scald at temperatures below 130 degrees. If the jury accepted that testimony, the jury could properly conclude that the burns were caused by an agent other than the shower.

The case thus stands in the not particularly unfamiliar posture of a child left in the custody of an identified adult, who suffers injuries of a type that are inconsistent with the explanation given by the custodian and not attributable in the circumstances to ordinary accidental causes. See, e.g., *Commonwealth* v. *Woods*, 339 Mass. 7, 8-10 (1959) (jury could infer from severity of blow to child's head that it had been struck by defendant during twenty minutes when he was alone with the child in the bathroom); *Commonwealth* v. *Labbe*, 6 Mass. App. Ct. 73, 75-76 (1978) (fifteen month old child left in custody of defendant suffered three liver lacerations inconsistent, according to physician, with having been caused by ordinary falls or collisions); *Commonwealth* v. *Cokonougher*, 32 Mass. App. Ct. 54, 55-56, 61 (1992) (child in sole care of defendant overnight found asphyxiated); *Commonwealth* v. *Azar*, 32 Mass. App. Ct. 290, 304-308 (1992) (four month old child left in custody of defendant on morning when she suffered multiple fractures of bones and other severe injuries). Here the mother testified that the child had no burn when she left him to take her bath. As in the *Woods* case, the defendant was punishing the child shortly before and at the time of the burns, which, it could be inferred, coincided with the child's screams. Burns to children caused by ordinary household accidents are not uncommon, particularly in kitchens, when they may be caused by the tipping of a cooking pot, or contact with a heating surface; but these burns occurred in a bathroom, on a different floor from the kitchen, and no testimony suggested the presence of any hot element in the bathroom other than the hot water taps. These, as we have said, the jury could exclude as the heat source that caused the burns.

As the court said in the *Labbe* case, *supra* at 76: "The law does not require that a crime be proved only by the testimony of one who witnessed it; circumstantial evidence must necessarily suffice in many cases." In sum, although the jury were certainly not required to accept the testimony bearing on the unlikelihood of the shower producing water that could scald, they could properly do so. That, coupled with the fact of the defendant having been alone with the child when he was burned; the fact that the burns were not consistent with having been caused by a shower; and the fact that the defendant was angry with the child and punishing him up to the time the burning took place, in combination satisfied the Commonwealth's burden of proving beyond a reasonable doubt that the defendant intentionally exposed the child to some unknown scalding agent. It was not necessary for the Commonwealth to prove what scalding agent in particular the defendant employed. See, e.g., *Commonwealth* v. *Liakos*, 12 Mass. App. Ct. 57, 60-61 (1981) (defendant's possession of some unidentified sharp weapon inferred from slash marks on victim); *Commonwealth* v. *Marrero*, 19 Mass. App. Ct. 921, 924 (1984) ("the jury's picking between boots or sneakers became immaterial since the nature and extent of the victim's injuries warranted a conclusion that the defendant's footwear, whether boots or sneakers, had been used as a dangerous weapon"). "That a dangerous weapon was used may be inferred from the victim's injuries." Stearn, Massachusetts Prosecutor's Guide, at 358 (1997). "[L]anguage in the indictment specifying the particular weapon used is superfluous." *Commonwealth* v. *Salone*, 26 Mass. App. Ct. 926, 930 (1988). The case is close; but, on all the evidence, we think the judge erred in ruling the evidence insufficient as matter of law.

> *Order allowing motion for required finding reversed.*
>
> *Case remanded for sentencing on the jury verdicts.*

BROWN, J. (dissenting). I would affirm the order allowing the defendant's motion for a required finding of not guilty on the charge of assault and battery with a dangerous weapon. I do not think the trial judge erred.

The Commonwealth must prove its case beyond a reasonable

doubt. A person cannot be convicted on guesswork. Here, the majority is permitting a conviction based on speculation as to the type and nature of the dangerous weapon.