COMMONWEALTH *vs.* ANGEL ROMAN. June 4, 1998. *Evidence,* Inference. *Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,* Required finding.

The Commonwealth appealed to the Appeals Court from the postverdict order of the trial judge allowing the defendant's motion for a required finding of not guilty of his conviction by a jury of assault and battery by means of a dangerous weapon. The victim was a seventeen month old child, the son of the defendant's then girl friend, who suffered serious burns while in the defendant's exclusive care. The defendant had told the police that the child

had been scalded by overheated water in the shower.[1] The Commonwealth tried the case on the theory that the burns could not have been caused by the shower and were caused instead by the defendant's application of some unknown scalding agent to the child. A panel of the Appeals Court, with one Justice dissenting, reversed the order that entered a judgment of acquittal. *Commonwealth* v. *Roman*, 43 Mass. App. Ct. 733 (1997). We allowed the defendant's application for further appellate review. We now affirm the defendant's conviction.

We examine the sufficiency of the Commonwealth's evidence under the *any* rational jury standard set forth in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), with proper attention to the principle that circumstantial evidence can establish guilt. *Commonwealth* v. *Donovan*, 395 Mass. 20, 25 (1985). We keep in mind that "[a]n inference drawn from circumstantial evidence 'need only be reasonable and possible; it need not be necessary or inescapable,' " *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), quoting *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977), and that "[w]hether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience and common sense." *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 32 (1976). See *United States* v. *Smith*, 680 F.2d 255, 260 (1st Cir. 1982), cert. denied, 459 U.S. 1110 (1983) ("Neither juries nor judges are required to divorce themselves of common sense, but rather should apply to facts which they find proven such reasonable inferences as are justified in the light of their experience as to the natural inclinations of human beings").

The jury could have reached their verdict based on (1) evidence that the child had no burns prior to going to the upstairs bathroom with the defendant; (2) testimony by the pediatric specialist who treated the child that shower water would have to be at least 130 degrees in temperature to cause second degree burns, that the child suffered "a pattern of burns," most likely occurring from three separate contacts,[2] that "a standard shower would not give discrete serious burns of [the] nature" suffered by the child, and that the child had no "other signs on [his] body . . . consistent with a shower burn or exposure to a shower or bathtub"; (3) testimony of a police officer and a plumber who tested the hot water in the shower and determined that it could not have reached a temperature which would have inflicted the injuries incurred by the child; (4) additional testimony by the plumber that he could not get the water in the shower to "go [as the defendant suggested it would] from very hot to a medium temperature by itself"; (5) the defendant's anger toward, and physical punishment of, the child, immediately before the burns occurred; (6) the defendant's failure immediately to tell the child's mother of the severity of the burns, and what could be considered as efforts on his part to conceal the nature and extent of the child's injuries which delayed medical

---

[1] The defendant was also convicted by the jury of assault and battery for injuries inflicted when he slapped the child shortly before the child was burned. Sentencing was deferred on this conviction pending the outcome of the Commonwealth's appeal on the dangerous weapon charge. At the close of the Commonwealth's evidence, the judge allowed the defendant's motion for a required finding of not guilty of a third indictment charging mayhem.

[2] The child had a first degree burn on his right shoulder and second degree burns on his left shoulder and right buttock.

attention for approximately twenty-four hours; and (7) evidence that the mother had given a statement about the incident to defense counsel that was more favorable to the defendant than what she had told the police "[b]ecause [the defendant] asked me to," and "put [me] up to making . . . changes" in the account furnished to the police. The jury could also have relied on the photographs showing the burns and other injuries to the child which, with particular respect to the burns, tended to corroborate the evidence indicating that the child could not have been injured in the manner claimed by the defendant.[3]

The Commonwealth was not required to prove the particular scalding agent used by the defendant. *Commonwealth* v. *Roman, supra* at 736, and cases cited. As the Appeals Court noted: "The case . . . stands in the not particularly unfamiliar posture of a child left in the custody of an identified adult, who suffers injuries of a type that are inconsistent with the explanation given by the custodian and not attributable in the circumstances to ordinary accidental causes." *Id.* at 735. We agree that the case is a close one. We conclude, however, that the Commonwealth's proof was sufficient to permit the jury, without engaging in conjecture or excessive inference drawing, to place criminal responsibility on the defendant on the charge that he did "assault and beat [the child] by means of a dangerous weapon, namely an unknown hot liquid or substance."

The judge's order allowing the postverdict motion for a required finding of not guilty is reversed. The case is remanded to the Superior Court for sentencing on the jury verdicts.

*So ordered.*

*Peter M. Onek*, Committee for Public Counsel Services, for the defendant.

*Deborah Ahlstrom*, Assistant District Attorney, for the Commonwealth.

---

[3]Contrary to what is said in the Appeals Court opinion, the defendant did not testify, but his version of the incident was disclosed to the jury in the Commonwealth's case through the testimony of the police officer who interviewed him. The defendant told the officer that he had left the child alone in the shower with the water on "lukewarm," and that "for some reason the water in the bathtub goes from lukewarm to extremely hot by itself, that's how the baby got burnt."

