COMMONWEALTH *vs.* BERNARD LABROAD. January 13, 2014. *Evidence,* Privileged communication, Communication between patient and psychotherapist, Right to obtain evidence, Relevancy and materiality. *Rape. Practice, Criminal,* Record, Subpoena. *Due Process of Law,* Access to evidence. *Privileged Communication.*

After his first trial ended in a mistrial, the defendant was convicted by a jury at a second trial of rape of a child, in violation of G. L. c. 265, § 23. He appealed, arguing that a Superior Court judge erred in denying his pretrial motion to compel the production of psychological records of the complainant, in accordance with Mass. R. Crim. P. 17 (a) (2), 378 Mass. 886 (1979). The

---

[1]Because the parties share the same last name, we refer to them by their first names.

Appeals Court affirmed the judgment of conviction, *Commonwealth* v. *Labroad*, 83 Mass. App. Ct. 1104 (2012), and we granted further appellate review.[1] We remand the case to the Superior Court for further proceedings.

*Background.* Prior to trial, pursuant to Mass. R. Crim. P. 17, the defendant moved for the production of records related to the care of the complainant that were in the custody of her psychologist. He alleged that the complainant had been referred to the psychologist by an unidentified physician for potential attention deficit disorder. According to a police report, the psychologist told the police that during his first meeting with the complainant, she disclosed to him an alleged incident regarding the defendant. He referred her to the Middlesex County district attorney's office, and thereafter was contacted and interviewed by police. Defense counsel's supporting affidavit stated that a police interview of the psychologist "indicated that the alleged victim disclosed to him that the [d]efendant talked the alleged victim into pulling her pants down and digitally penetrated her." During a hearing on the motion, defense counsel described the report as including the complainant's disclosure to the psychologist about the details of the incident, and represented that the psychologist also had notes concerning what the complainant had recounted to him. The motion judge denied the motion, as well as a motion for reconsideration, concluding that statements by the victim to her psychologist concerning the alleged assault, without more, did not meet the threshold requirements of *Commonwealth* v. *Dwyer*, 448 Mass. 122, 141-142 (2006), and *Commonwealth* v. *Lampron*, 441 Mass. 265, 269 (2004).

*Discussion.* Where, as here, "a defendant seeks pretrial inspection of statutorily privileged records of any third party," the *Dwyer* decision establishes the protocol by which the request is to be considered and evaluated. The protocol has its roots in Mass. R. Crim. P. 17 (a) (2) and *Commonwealth* v. *Lampron, supra.* Under the protocol:

> "[t]he party moving to subpoena documents to be produced before trial must establish good cause, satisfied by a showing '(1) that the documents are evidentiary and relevant; . . . and (4) that the application is made in good faith and is not intended as a general "fishing expedition." ' *Id.* at 269, quoting *United States* v. *Nixon*, 418 U.S. 683, 669-700 (1974)."

*Commonwealth* v. *Dwyer, supra* at 140-141, quoting *Commonwealth* v. *Lampron, supra* at 269. To satisfy the first of the four requirements,[2] a defendant must make a factual showing that the requested documents have a "rational tendency to prove [or disprove] an issue in the case." *Id.* at 269-270, quoting *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 83 (1989). Consideration of the fourth requirement, at least in the circumstances of this case, is subsumed within the consideration of the first.

---

[1]Although the defendant pressed additional claims before the Appeals Court, he does not press those claims here. After the case was entered in this court, he requested and received permission to file a new brief. Mass. R. A. P. 27.1 (f), as amended, 441 Mass. 1601 (2004). We consider the new brief, and the issues addressed therein, "in lieu of the Appeals Court brief." *Id.*

[2]The second and third points under *Commonwealth* v. *Dwyer*, 448 Mass. 122, 140-141 (2006), quoting *Commonwealth* v. *Lampron*, 441 Mass. 265, 269 (2004), are uncontested in this case, and we do not address them here.

Generally speaking, "[p]otential relevance and conclusory statements regarding relevance are insufficient," *Commonwealth* v. *Lampron, supra* at 269, to satisfy *Dwyer*'s requirements. In this case, however, the defendant's showing went beyond that. To the extent the defendant sought production of records relating to the complainant's report of sexual assault to the psychologist, the substance of which the psychologist conveyed to the police, the request was sufficiently particular to meet the threshold standard for production under *Dwyer*.[3] Compare *Commonwealth* v. *Bourgeois*, 68 Mass. App. Ct. 433, 438 (2007), in which the Appeals Court explained that the defendant's "burden [was] to set forth with particularity some factual basis indicating how the privileged records were likely to be relevant and material to an issue in the case, and that an examination of those records would disclose exculpatory information material to the defendant's guilt."

The defendant in the *Bourgeois* case failed to satisfy his burden because, while the complainant's pediatric records indicated that she had mental health issues and that she had been referred to a mental health treatment center, the defendant's broad claims concerning lack of credibility were speculative and lacked sufficient specificity and reasonableness. *Id.* at 437. Unlike in *Bourgeois*, the defendant in this case alleged, with particularity, that the complainant's psychological records contained specific information regarding her complaint of sexual assault. The basis for requesting the records did not lie solely in the fact that she had sought mental health treatment; here, after the complainant had been referred to the Middlesex district attorney's office, the psychologist disclosed to police what the complainant had told him about the sexual assault. The specific information presented made it clear that the complainant discussed the report of sexual assault in some detail with the psychologist. See *Martin* v. *Commonwealth*, 451 Mass. 113, 121-122 (2008) (specific showing of relevancy).

*Conclusion.* It is both essential and difficult to maintain balance between a defendant's right to present a defense and the protection of a complainant's statutory privilege against disclosure. Here, the defendant has focused his request for records on those relative to the complainant's specific disclosure (see note 3, *supra*). Because the complainant's explanation of how and when the alleged sexual assault occurred was relevant and had evidentiary value, either as impeachment material or as substantive evidence, and because the defense was based on the complainant's allegedly conflicting and inconsistent statements regarding the assault, a summons for the production of the psychologist's records related to the complainant's report of sexual assault should have issued.

Without the records, the appellate courts are not in a position to determine whether the error was prejudicial or finally to resolve the defendant's appeal from his conviction. We accordingly remand the case to the Superior Court for further proceedings consistent with this opinion and the *Dwyer* protocol. See *Commonwealth* v. *Pelosi*, 441 Mass. 257, 263-264 (2004) (same approach taken under *Bishop-Fuller* protocol); *Commonwealth* v. *Oliveira*, 431 Mass. 609, 615-616 (2000), *S.C.* 438 Mass. 325, 341-342 (2002) (same). Contrast

[3]Although the defendant initially sought a broad array of medical and psychological records, his argument on appeal focuses on records that "contained prior statements of the complainant about the alleged incident forming the basis of the charges against the defendant," and our decision is confined to those documents.

*Commonwealth* v. *Sheehan*, 435 Mass. 183, 188 (2001) (records available for appellate court review). Defense counsel is to be permitted access to the documents for the purpose of considering whether being deprived of them prior to trial made the defendant's trial unfair, and the defendant may then, if he chooses to do so, file an appropriate motion for relief in the Superior Court.

*So ordered.*

*Joanne T. Petito* for the defendant.

*Kevin J. Curtin*, Assistant District Attorney, for the Commonwealth.