The defendant, Bernard Labroad, was convicted by a jury in 2009 of rape of a child, G. L. c. 265, § 23. On appeal, the Supreme Judicial Court held that defense counsel should have been allowed to review records of the psychologist who treated the victim. Commonwealth v. Labroad, 466 Mass. 1037, 1039-1040 (2014). After reviewing those records, the defendant filed a motion for a new trial based on one statement in a progress note. After an evidentiary hearing at which the psychologist testified, a Superior Court judge denied the motion. Concluding that the progress note does not cast real doubt on the justice of the conviction because it is inadmissible hearsay, we affirm.
1. Standard of review. "[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion.' " Commonwealth v. Duart, 477 Mass. 630, 634 (2017), quoting Commonwealth v. Forte, 469 Mass. 469, 488 (2014). To prevail on a motion for new trial based on newly discovered evidence, the defendant "must demonstrate, first, that the evidence was previously unknown to him ... and, second, that the evidence 'casts real doubt on the justice of the conviction.' " Commonwealth v. DiBenedetto, 475 Mass. 429, 438 (2016), quoting Commonwealth v. Grace, 397 Mass. 303, 305 (1986). To determine whether evidence casts real doubt on the justice of the conviction, we must "decide not only whether [the evidence] is material and credible, but whether it is admissible." Commonwealth v. Wright, 469 Mass. 447, 462 (2014).
2. Prior inconsistent statement. The motion judge, who was also the trial judge, correctly determined that the progress note does not qualify as a prior inconsistent statement because the statement in it is not attributable to the victim. See Commonwealth v. Beauregard, 25 Mass. App. Ct. 983, 984 (1988) ("To qualify as a prior inconsistent statement by the victim, it must be shown that the words were attributable to the victim"). If the defendant is unable "to show with sufficient certainty that the words ... were reflective of a statement to that effect by the victim as contrasted with a conclusion by the" medical professional, the statement is not admissible as a prior inconsistent statement. Id.
Here, the record supports the motion judge's finding that the statement at issue is a conclusion of the psychologist. The relevant portion of the progress note reads, "I also made this offer for [the victim's] friend ..., who is feeling stressed herself by this and her role as the only person who knew shortly after the abuse occurred." This statement details the psychologist's offer to counsel the victim's friend. In explaining this notation, the psychologist testified that the time frame, "shortly after," was his "best professional estimate" or his "surmise." The motion judge was entitled to credit this testimony and find that the progress note reflected the psychologist's belief and was not a statement by the victim. See Commonwealth v. Lally, 473 Mass. 693, 706 n.15 (2016).
3. General Laws c. 233, § 79G. General Laws c. 233, § 79G, creates an exception to the hearsay rule that permits medical records and reports to be admitted in evidence, but only as "evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician ..., the prognosis of such physician ..., [and] the opinion of such physician ... as to proximate cause of the condition so diagnosed."[2] See Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 257 (2008) (medical records of victim admissible to show medical history, treatment at hospital, medical opinions, and diagnosis). See also Commonwealth v. Medeiros, 456 Mass. 52, 54-55 & n.4 (2010) (evidence in medical record that victim had been raped vaginally but not orally admitted as "an act of discretion" where counsel failed to subpoena victim's medical records pursuant to G. L. c. 233, §§ 79, 79G ).
Although the progress note is the type of document contemplated under G. L. c. 233, § 79G, the defendant does not seek to use the evidence to show the diagnosis, prognosis, or opinion of the psychologist as to the "proximate cause of the condition so diagnosed." See Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 724 (2016) (ambulance records with references to defendant's intoxication admissible under § 79G to show "necessity of treatment, or of the diagnosis, prognosis, or opinion" of emergency medical technician). Cf. Commonwealth v. Irene, 462 Mass. 600, 616 (2012) (hospital records must be germane to medical treatment or history to be admitted under § 79 ). The statement at issue, documenting the psychologist's offer to counsel the victim's friend, has no apparent relationship to the victim's medical treatment or history at all. Moreover, the defendant seeks to admit the statement only to contradict the victim's testimony that she told her friend about the abuse years later, not "shortly after" the abuse occurred. The defendant has not shown that he intends to use the progress note to show the psychologist's diagnosis, prognosis, or opinion as to the cause of any condition diagnosed.
" Section 79G, like § 79, is intended to relieve physicians, nurses, dentists, and the other listed professionals of the hardship of attending court as witnesses, depriving patients of their care, where they are unlikely to remember specific patient interactions and their testimony 'would ordinarily add little or nothing to the information furnished by the record alone.' " Palacios, 90 Mass. App. Ct. at 726, quoting Irene, 462 Mass. at 614. Here, any presumption of reliability is defeated because the defendant seeks to admit evidence for purposes beyond the scope of § 79G.[3] Accordingly, the judge did not err in denying the motion for a new trial.
Order denying motion for new trial affirmed.

Section 79G, second par., includes psychologists (among other treatment providers) within the definition of physician.

Because the defendant did not raise the claim that the progress note was admissible as a prior recollection recorded in his motion for a new trial, we need not address it here. See Commonwealth v. Hampton, 64 Mass. App. Ct. 27, 33 n.8 (2005). In any event, because the psychologist was unable to testify that the progress note reflected, at the time it was made, an accurate description of the victim's statement, the foundation for admission as a prior recollection recorded was not made. See Commonwealth v. Morgan, 449 Mass. 343, 366 (2007).