Meade, J.
(dissenting). The majority concludes that the defendant was denied a fair trial due to the judge’s error on an evidentiary matter. While I agree that the judge’s ruling was in error, I part company with the majority on whether the matter was properly preserved as well as its view that the error resulted in unfair prejudice to the defendant, or (because the claim was not preserved) whether the error created a substantial risk of a miscarriage of justice. Because I do not believe a new trial is required, I respectfully dissent.
*410 During cross-examination of the victim, defense counsel impeached the victim with the fact that her initial report to the police did not include her claim that the defendant pushed her.[1] Defense counsel also elicited from the victim that she only testified to the occurrence of the push after her recollection was refreshed. On redirect, the prosecutor established that both of the victim’s statements to the police were made on the night of the incident.
On recross-examination, defense counsel changed tack, and attempted to ask the victim about a conversation the two had had earlier in the day before the trial began. After the victim acknowledged the conversation, defense counsel asked: “And I asked you whether there was physical contact?” At that point, as described in the majority opinion, the prosecutor objected, and a sidebar conference was held. There, the prosecutor imposed his hearsay objection, and the judge agreed despite defense counsel’s explanation that she was trying to impeach the victim. The judge ended the sidebar conference and ruled that the question, “as it [was] phrased,” sought a hearsay response. The judge sustained the prosecutor’s objection. Defense counsel did not attempt to rephrase the question, said nothing more, and returned to the subject of the victim’s conflicting statements to the police.
The majority concludes that even though defense counsel “did not specifically object” to the judge’s restriction on cross-examination, the defendant’s constitutional confrontation clause claim was preserved for appellate review. For the majority, this occurred when defense counsel “in effect” made an offer of proof as to the purpose of the question. Having it both ways, the majority also claims that an offer of proof was not required. See ante at 406 & note 5.1 disagree. Although the majority is correct regarding the impropriety of the Commonwealth’s antiquated notion that the defense counsel should have taken an “exception” to the ruling, the issue was nonetheless not preserved where defense counsel failed to object when the judge prohibited the intended line of inquiry. All counsel needed to do to preserve the issue for appeal was to say, “Please note my objection,” or at the very least, she could have rephrased the question in accordance with the judge’s ruling. Instead, defense counsel silently walked away from the sidebar conference and resumed her inquiry regarding *411 the victim’s statements to the police.
The majority’s conclusion that this issue was preserved is fatally at odds with the contemporaneous objection rule and the obvious and salutary purposes of the waiver doctrine, “a crucial component of our legal system.” Commonwealth v. Kilburn, 438 Mass. 356, 360 (2003). See Commonwealth v. Bly, 444 Mass. 640, 650 (2005) (“[T]he waiver doctrine ... is a cornerstone of our criminal justice system”). See also Commonwealth v. Amirault, 424 Mass. 618, 641 n.15 (1997) (“A constitutional right is, in most cases ... a right to insist that things be done in a certain way, but it is not a right that they be done in that way if the defendant does not choose to insist. ... [A] right that must be claimed is not denied if it is not claimed, and the proceeding in which the claim is not made is, in that respect, wholly free from error”). A simple objection would have preserved the issue for appeal, but that did not occur.
Furthermore, defense counsel’s statement that she wished to impeach the victim did not constitute an offer of proof. “The offer of proof requirement serves several purposes. An offer of proof may assist the trial judge in making the correct ruling. And the presence of an offer of proof in a record on appeal enables an appellate court to determine whether an error was made and, if so, how harmful it was to the defendant.” Commonwealth v. Chase, 26 Mass. App. Ct. 578, 581 (1988). See Mass. G. Evid. § 103(a)(2) (2015). In general, an offer of proof is not required when evidence is excluded on cross-examination, because the offer must point to evidence “actually available ..., and the cross-examiner will often be unable to state what the answer would have been if the question had been allowed.” Commonwealth v. Barnett, 371 Mass. 87, 95 (1976). But this case does not fit within that general rubric. Defense counsel was not only the proponent of the excluded evidence, but she was also fully aware of the contents of her pretrial exchange with the victim. In that posture, defense counsel was uniquely and solely qualified to explain, in an offer of proof, what she expected the victim’s answer to have been had she been permitted to ask the excluded question. Even though the “judge did not need an offer of proof to make the correct ruling,” such an offer was required “to preserve for appellate review the issue of the degree of prejudice caused by the erroneous ruling.” Commonwealth v. Chase, supra at 582. In fact, contrary to the majority’s opinion, this is not a case where counsel “was not required to make further efforts ‘in the face of the judge’s *412 unequivocal adverse ruling.’ ” Commonwealth v. Jewett, 392 Mass. 558, 562 (1984), quoting from Commonwealth v. Graziano, 368 Mass. 325, 330 (1975).[2] Indeed, the judge’s ruling expressly gave defense counsel the opportunity to rephrase the question if not lodge an objection for the first time.
Finally, prior to the defendant’s appeal being docketed in this court, the parties stipulated to an expansion of the record. As set out in the majority opinion, the parties agreed that when asked prior to trial by defense counsel, the victim denied that a battery occurred on the night in question. While I remain puzzled as to the purpose of this document nestled in the defendant’s record appendix, or for that matter why the Commonwealth joined the stipulation, what is clear is that it is not an appropriate substitute for an offer of proof.[3] The document merely recites what the parties agreed the content of the conversation was, but it does not specify how the victim would have answered the excluded question at trial. See Commonwealth v. Fontes, 396 Mass. 733, 738 (1986) (vague and generalized offers of proof are not' adequate). See also Commonwealth v. Donahue, 369 Mass. 943, 950-951, cert. denied, 429 U.S. 833 (1976) (after judge restricted cross-examination, “it was not made apparent to the judge by defense counsel that restriction of this line of questioning would substantially prejudice the defendant, nor was it made clear how the answers sought could be substantially helpful to the defendant’s case”). More importantly, even if one could conclude that the victim would have admitted rather than denied the contents of conversation as reported to this court by the parties,[4] none of this was before the judge. Offers of proof are not properly made for *413 the first time on appeal; they need to be made during trial, as they “may assist the trial judge in making the correct ruling.” Commonwealth v. Chase, 26 Mass. App. Ct. at 581. Like a timely objection, an offer of proof at trial provides both the judge and the prosecutor the opportunity to consider, and perhaps rectify, their decisions and trial tactics while it is still possible to do so. See Commonwealth v. Morris M., 70 Mass. App. Ct. 688, 697-698 (2007). Simply put, the defendant’s trial was the “main event,” not merely a “tryout on the road” to the appeal. Wainwright v. Sykes, 433 U.S. 72, 90 (1977). Appellate review should be based on what occurred at trial, not what might have been. See Commonwealth v. Stout, 356 Mass. 237, 242 (1969); Commonwealth v. Chase, 433 Mass. 293, 297 (2001). The issue was not preserved, and thus, this court’s review should be limited to determining whether the error created a substantial risk of a miscarriage of justice.
To determine whether the judge’s error created a substantial risk of a miscarriage of justice, and keeping in mind that “[ejrrors of this magnitude are extraordinary events and relief is seldom granted,” Commonwealth v. Randolph, 438 Mass. 290, 297 (2002), we ask four questions. They are: “(1) Was there error? (2) Was the defendant prejudiced by the error? (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? (4) May we infer from the record that counsel’s failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?” Id. at 298 (citations omitted). “Only if the answer to all four questions is ‘yes’ may we grant relief.” Ibid. See Commonwealth v. Russell, 439 Mass. 340, 345 (2003).
I agree with the majority that, as the Commonwealth concedes, the judge’s hearsay ruling was erroneous. Although there was error, it neither unfairly prejudiced the defendant nor materially influenced the verdict. What unfolded in this case was the common but unfortunate reality of a domestic violence victim being reluctant to testify against her abuser. Her testimony on whether a battery occurred was vague and contradictory. Her memory had to be refreshed before she testified that the defendant pushed her. Defense counsel thoroughly and effectively cross-examined the victim on her contradictory statements to the police, and the necessity of the prosecutor refreshing her recollection. Defense counsel continued the same theme in her closing argument in which she highlighted the inconsistencies in the victim’s testi *414 mony, argued that the victim was not credible, and suggested that she was pressured by the prosecutor to provide the “right answer.”
Defense counsel’s closing argument relative to the making threats charge focused on the vagueness of the defendant’s statement that he was “going to fuck you up,” and at whom it was directed since others were present. Counsel further argued that it was not a crime to use “angry words”; it was not reasonable for the victim to believe the defendant was going to carry out the threat; the victim did not summons the police; and the victim and the defendant remained friends. Defense counsel neither challenged the victim’s credibility vis-a-vis the threats charge nor argued that the victim’s equivocation on the battery was a reason for finding the defendant not guilty of the threats charge. Indeed, threatening to commit a crime does not include any element of a physical touching. See Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000).
Against this backdrop, all that remains to be determined is whether the judge’s ruling, which precluded an additional round of impeachment on the occurrence of the battery, unfairly prejudiced the defendant or whether the error materially influenced the verdict. I answer both questions in the negative. The most informative item — as well as the highest contributor to my conclusion — is the glaring fact that the jury only convicted the defendant of the lesser included charge of assault. In other words, despite the judge’s error, the jury did not believe the victim’s testimony on the occurrence of battery. Any additional impeachment on this issue would have been cumulative of what had been achieved on the assault and battery charge, and it would not have been relevant to the defense mounted and argued on the threats charge. See Commonwealth v. Aguiar, 78 Mass. App. Ct. 193, 206-207 (2010) (exclusion of cumulative impeachment evidence was error, but not prejudicial). Cf. Commonwealth v. Clarke, 418 Mass. 207, 211-213 (1994) (no abuse of discretion in exclusion of witness’s prior inconsistent written statements where they would have been cumulative of statements read to jury and defendant impeached witness with twenty prior convictions, including convictions of crimes of dishonesty).[5]
Although I conclude the matter was not preserved, and no risk *415 of a miscarriage of justice resulted, I would reach the same conclusion if it had been the subject of a proper objection and offer of proof. In the end, the error did “not influence the jury, or had but very slight effect.” Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994) (quotation omitted). “If the defendant had been entitled to a perfect trial, I would comfortably side with the majority. But he was not.” Commonwealth v. Ramsey, 76 Mass. App. Ct. 844, 852 (2010) (Meade, J., dissenting), citing Commonwealth v. Lodge, 431 Mass. 461, 476 (2000). Because the defendant received a fair trial, I respectfully dissent.

 The victim gave the police two conflicting reports of what occurred on the evening in question. In her first statement (given at the scene), the victim did not mention being pushed by the defendant, and in the second (given at the police station), she stated that the defendant pushed her.

 In support of its conclusion that the issue was preserved and defense counsel, “in effect, made an offer of proof’ by telling the judge she sought to impeach the victim, the majority relies on Commonwealth v. Jewett, 392 Mass. at 562, which is inapposite. In Jewett, defense counsel explained in “detail” how counsel proposed to call a witness and how that witness would support the defendant’s misidentification defense. Id. at 561. Even though the judge “cut off’ the offer of proof, the court held that the judge had been provided with sufficient information to have been alerted to the relevance of the witness’s testimony in an alibi and mistaken identity case. Ibid. Furthermore, the judge concluded the discussion by saving the defendant’s rights. Id. 561-562 & n.3. Here, in contrast, there was no effort to discuss the significance of the testimony, let alone a detailed effort. Rather, defense counsel said five words: “It’s used to impeach her,” and simply walked away, and the judge did not save any rights.

 The majority does not claim otherwise.

 The majority likewise properly states that it is unclear whether the victim would have adopted the statement or repudiated it. See ante at note 8.

 The majority claims Commonwealth v. Aguiar, supra, is inapposite because here “the testimony defense counsel sought to elicit was a critical piece of evidence, which was not cumulative of other impeachment evidence at trial.” See *415 ante at note 7. However, as described above, it is abundantly clear that the victim had already been impeached successfully on the occurrence of the battery through her contradictory statements to the police. Additional impeachment on the occurrence of the battery through a pretrial conversation with defense counsel would most certainly be cumulative. Similarly, the majority finds fault in any comparison to Commonwealth v. Clarke, supra. That case merely illustrates the idea of cumulative evidence in a different context, which is why my citation to it is preceded with a cf. signal. The majority is correct that the jury were prevented from hearing about the victim’s conversation with defense counsel. However, the topic of that conversation was the same as the topic of the victim’s impeachment vis-a-vis her statements to the police.