NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-15

COMMONWEALTH

vs.

KELLY M. BENTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a District Court judge found the defendant guilty of operating a motor vehicle under the influence of intoxicating liquor (OUI).[1] The defendant appeals, arguing that the judge erred in excluding third-party culprit evidence and in denying the defendant's motion for a required finding of not guilty. We affirm.

Background. We summarize the facts in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At approximately 12:30 A.M. on

_____

[1] The judge found the defendant not guilty of negligent operation of a motor vehicle and not responsible for a marked lanes violation.

October 31, 2019, Trooper Kyle Falvey responded to the scene of a motor vehicle accident on Route 495 in Raynham.  When he arrived, he saw a single car rolled over on its side.  The defendant and another woman, Ashley Derochea,[2] were sitting in front of the car.  Both appeared to be under the influence of alcohol.

When Trooper Falvey asked the defendant if she had been driving, she did not answer and looked at Derochea.  When asked again, the defendant said that "she didn't know who was driving."  The defendant's eyes were red, "glossy," and bloodshot, and an odor of alcohol was coming from her mouth.  She also appeared not to know where she was, stating that she was on Route 24 in Whitman, about thirty minutes away.  The defendant told Trooper Falvey that she got out of work hours earlier but had stayed to drink at the bar.

While Trooper Falvey was speaking with the defendant, Derochea interrupted and said that she had picked the defendant up from work and that she (Derochea) had been driving at the time of the accident.  Derochea described "traveling on Route 24[3] when another car cut [her] off and made [her] swerve,"

_____

[2] The trial transcript spells Derochea's name phonetically. We adopt the spelling used by the parties in their briefs.

[3] Again, the accident occurred on Route 495.

2

causing her to lose control of the car. When Trooper Falvey asked Derochea directly who had been driving, she stated, "I was driving. It's her car but I was driving." Immediately after making these statements, however, Derochea recanted, stating, "I'm not being a snitch, but I was not the one driving," and "[the defendant] wanted to drive her own vehicle." Derochea explained that she initially admitted to driving because "she didn't want [the defendant] to be in trouble for a prior OUI crash that she had."

Trooper Falvey asked the defendant to stand up and walk to the breakdown lane. The defendant was unable to stand on her own and fell onto Derochea. The defendant stumbled as she continued to try to walk, causing Trooper Falvey to grab her arm and shoulder to prevent her from falling. Based on his observations of the defendant's condition, Trooper Falvey determined that it would be unsafe to administer field sobriety tests and placed the defendant under arrest.

During the ride to the police barracks, the defendant was very upset, stating that she could not believe that Derochea had "snitched on her." The defendant continued to be upset during booking, crying at times, and stated that "she couldn't believe she drove that night."

Discussion. 1. Third-party culprit evidence. Prior to trial the defendant filed a motion in limine to introduce

evidence that, approximately three months after the defendant's arrest, Derochea was pulled over while driving and impersonated the defendant by telling the trooper that "her name was Kelly Benton," leading to her being "arrested, charged, and booked as Kelly Benton." On the day of trial, and after the defendant had waived her right to a jury, the judge asked defense counsel how he was going to introduce the evidence. When defense counsel replied that he had "summonsed in the trooper" who had pulled over Derochea, the judge allowed the motion stating, "you can call anybody" and "[y]ou can call a witness." Defense counsel then told the judge that the trooper had not appeared for trial and stated, "I do have the report and the transcript from [the] hearing in that case."[4] The judge replied, "Let me get to it to see if there's a foundation, okay?"

Defense counsel proceeded to call one witness, the defendant's coworker, who testified that she saw the defendant get into the passenger seat of a car that Derochea was driving.

---

[4] The defendant included a copy of this hearing transcript in the record appendix, although it is unclear whether she attached it to her motion in limine. As reflected in the transcript, the hearing was held at the request of probation to remove the warrant that had issued against the defendant. Based on the booking photo, the probation officer represented that "it was not Ms. Benton who was arrested over the weekend" and that "[i]t appear[ed] that a female who is known to Ms. Benton had used her identity when arrested." The hearing judge, who was the same as the trial judge in this case, ordered removal of the warrant after commenting to the defendant, "You've got much darker hair."

4

At the conclusion of that witness's testimony, defense counsel brought up again that he had "the transcripts, the police report from the trooper, . . . who didn't appear today."  The prosecutor objected stating, "I don't know if we were done with the witness at this point."  The judge replied, "[W]e're done," and excused the witness.  The prosecutor then said, "And I don't know what this is being offered for.  An incident that happened after this arrest happened, where both parties were (inaudible -- simultaneous speech)."  After the exchange marked as inaudible, the judge asked a question on a different issue and then asked, "Anything else?"  Defense counsel said no and gave his closing argument.

On appeal the defendant argues that the judge committed reversible error by excluding the hearing transcript and police report, claiming that this evidence was relevant to show that a third party, Derochea, was driving the car on the night in question.  The defendant correctly notes that we review the exclusion of third-party culprit evidence independently and not for an abuse of discretion.  See Commonwealth v. Shakespeare, 493 Mass. 67, 90 (2023).  Here, however, it is unclear if the judge found the proffered evidence to be inadmissible and, if so, on what ground.  The judge allowed the defendant's motion in limine, gave defense counsel permission to call a witness, and suggested that he would admit the hearing transcript and police

5

report if defense counsel laid a proper foundation. While there appears to have been further discussion of the issue at the conclusion of the testimony, we do not know what was said because the defendant did not seek to reconstruct that part of the record. See Commonwealth v. Woods, 419 Mass. 366, 371 (1995).

To the extent the judge excluded the hearing transcript and police report based on lack of foundation, our review is for an abuse of discretion. See Commonwealth v. Morin, 478 Mass. 415, 432 (2017). The defendant did not try to lay a foundation through the testimony of the only defense witness. The judge would therefore have been within his discretion to exclude the proffered evidence on this basis. See id.

To the extent the judge found the hearing transcript and police report to be inadmissible as third-party culprit evidence, we see neither error nor prejudice. Third-party culprit evidence is only admissible if "the acts of the other person are so closely connected in point of time and method of operation as to cast doubt upon the identification of [the] defendant as the person who committed the crime." Commonwealth v. Hunter, 426 Mass. 715, 716-717 (1998), quoting Commonwealth v. Keizer, 377 Mass. 264, 267 (1979). We will not disturb a judge's decision to exclude third-party culprit evidence "unless

6

justice requires a different result." Hunter, supra at 717, quoting Commonwealth v. Scott, 408 Mass. 811, 816 (1990).

Justice does not require a different result here. The circumstances of Derochea's arrest (as described in the defendant's motion in limine) are dissimilar to the facts of this case. During her arrest, which occurred after the defendant had already been arraigned in this case, Derochea allegedly gave the defendant's name to the trooper, trying to deflect responsibility. In this case Derochea gave the trooper her own name and at first took responsibility for driving. We conclude that the facts of the two cases are sufficiently dissimilar such that the judge did not err to the extent he excluded the proffered evidence on this basis. Cf. Hunter, 426 Mass. at 717.

Furthermore, we discern no substantial risk of a miscarriage of justice to the extent the judge excluded the hearing transcript and police report.[5] In a jury-waived trial,

---

[5] The record before us does not support the defendant's assertion that she preserved the third-party culprit issue. As mentioned, the judge allowed the defendant's motion in limine and suggested he would admit the hearing transcript and police report on a proper foundation. Because the later discussion is marked as inaudible, we have no basis on which to conclude that the defendant raised an objection to whatever ruling the judge might have made. Thus, our review is for a substantial risk of a miscarriage of justice. See Commonwealth v. Strickland, 87 Mass. App. Ct. 46, 58 (2015).

7

judges "are presumed to know and correctly apply the law," and the weight to be given the evidence is "exclusively within [the judge's] province as fact finder." Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005). In denying the defendant's motion for a required finding of not guilty on the OUI charge, the judge cited the evidence that the defendant essentially admitted to driving and was upset that Derochea had "snitched" on her. The judge also noted that "[i]t was [the defendant's] car" and found it significant that the defendant responded, "I don't know," when Trooper Falvey first asked her who was driving. Given the judge's reasoning, we are not persuaded that the excluded evidence would have materially influenced his guilty finding, particularly where the hearing transcript does not actually name or otherwise identify Derochea and neither, presumably, does the police report, which is not in the record before us. See Commonwealth v. Kilburn, 438 Mass. 356, 361 (2003). In these circumstances we are not "left with uncertainty that the defendant's guilt has been fairly adjudicated." Id. at 361-362, quoting Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002).

2. Sufficiency. The defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that she was operating the motor vehicle. We disagree. Viewing the evidence in the light most favorable to the Commonwealth, see Latimore,

8

378 Mass. at 676-677, the judge could have found that the vehicle belonged to the defendant, that she displayed consciousness of guilt when she professed not to know who was driving, and that she admitted to driving after she was arrested. This was sufficient to prove operation. See Commonwealth v. Adams, 421 Mass. 289, 291-292 (1995).

The defendant did not renew her motion for a required finding after she presented her case. In any event the judge was not required to believe the testimony of the defendant's coworker that she saw the defendant getting into the passenger seat of the car. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017). Nor did that testimony render the Commonwealth's evidence "incredible" or show "conclusively" that the defendant was not driving at the time of the accident. Id., quoting Kater v. Commonwealth, 421 Mass. 17, 20 (1995). The Commonwealth's case therefore did not deteriorate.

Judgment affirmed.

By the Court (Sacks, Shin & Hershfang, JJ.[6]),

Clerk

Entered: November 22, 2024.

---

[6] The panelists are listed in order of seniority.

9