On August 6, 2014, the defendant pleaded guilty to eleven counts of aggravated rape and indecent assault and battery on a child under fourteen. His thirteen year old daughter was the victim. On March 24, 2017, the defendant filed a motion to withdraw his guilty pleas, arguing primarily that he received ineffective assistance of counsel because counsel advised him to plead guilty without first obtaining a ruling on a motion to suppress critical video evidence that had been found on the defendant's cellular telephone (cell phone). The motion to withdraw his guilty pleas was denied without a hearing. The defendant appeals, and we now affirm.
Background. The acts at issue took place between December, 2011, and June, 2013, and included, among other offenses, sexual intercourse and digital penetration. On several occasions the defendant recorded video and took photographs of these acts on his personal cell phone. In June, 2013, the victim took the defendant's cell phone containing these images to school with her, and lost the phone at school. The student who found the phone discovered the illicit videos. An administrator at the school learned of this discovery and promptly alerted authorities.
On June 19, 2013, Detectives Barry Dejardins and Thomas Burke interviewed the victim at her school and were informed by her that the defendant had sexually assaulted her on multiple occasions, and that the defendant had used a "My-Touch" cell phone to record video and photograph the victim during the sexual assaults. The victim, who was living with her father, also told them her father's home address, and the detectives then went to the defendant's home. When the defendant answered the door, the detectives entered the apartment and arrested the defendant without a warrant. In the process the detectives observed two cell phones on a table in the apartment, including a My-Touch cell phone. Thereafter, a third officer arrived and secured the residence, while Detective Desjardins obtained a search warrant to seize and search the cell phones. Detective Desjardins executed the warrant and upon searching the My-Touch phone discovered more than sixty videos and photographs depicting the sexual assaults the victim had described previously.
The defendant filed two motions before trial, one to suppress the cell phone evidence as the fruit of a warrantless arrest, and the other to dismiss the indictments due to alleged improper presentation of evidence during the grand jury proceedings. Neither motion was decided, however. Instead, on August 6, 2014, the day the motion to suppress was scheduled for hearing, the defendant changed his pleas to guilty, as part of an agreement with the prosecution. The defendant pleaded guilty to eleven of seventeen counts against him; pursuant to the agreement, the six most serious counts, which alleged rape of a child with force, were nolle prossed. Those counts carried a mandatory minimum sentence of fifteen years. The defendant was sentenced to serve thirteen to fifteen years.
On March 21, 2017, the defendant moved to withdraw his guilty pleas, arguing that counsel had provided ineffective assistance in failing to pursue the motion to suppress. The motion was denied without a hearing.
Discussion. A motion to withdraw a guilty plea is reviewed under the same standards as a motion for new trial. See Commonwealth v. Lastowski, 478 Mass. 572, 576 (2018). "We review the denial of a motion to withdraw a guilty plea to 'determine whether there has been a significant error of law or other abuse of discretion.' " Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). Where the motion to withdraw a guilty plea is predicated on counsel's ineffective assistance, the defendant must show that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," and that such conduct "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Milien, 474 Mass. 417, 430 (2016), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Ineffective assistance of counsel. Here, the motion judge was within his discretion to deny the motion without a hearing because (1) counsel's failure to pursue the motion to suppress was not unreasonable, and (2) the record demonstrates that the defendant's guilty pleas were knowing and voluntary.
As to the motion to suppress, counsel's failure to pursue it cannot have been ineffective unless the motion had a substantial chance of excluding the important video evidence against the defendant. In this case the motion was not likely to succeed. We pass the question as to whether the arrest of the defendant, in his home and without a warrant, was unlawful. See generally Commonwealth v. Molina, 439 Mass. 206 (2003) (examining legality of warrantless arrests in defendant's home). Assuming it was unlawful, the warrant to seize and search the cell phones would still be valid if the warrant affidavit contained sufficient information to establish probable cause, independent of any information gained through the warrantless arrest. See Commonwealth v. Gray, 465 Mass. 330, 346 (2013). Here, Detective Desjardins's affidavit in support of the cell phone search warrant contained sufficient information to establish probable cause independent of any information learned during the arrest. In particular, prior to the arrest the victim had already told the police that the defendant engaged in illegal sexual acts with her, that the defendant used a My-Touch cell phone to photograph and record the encounters, and the defendant's home address.
The information from the victim was by itself sufficient to establish probable cause to search the defendant's home for his My-Touch phone, to seize it, and to search its contents. It identified the cell phone as evidence in a sexual assault, linked the defendant to the sexual assault, and established the defendant's address. See Gray, supra at 347. The cell phone, in this instance, is the type of item that could reasonably be expected to be found in the defendant's home because it is durable, of continuing use, and not inherently incriminating to possess. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 347. Under the circumstances, the fact that the warrant affidavit also contained a description of what the officers learned when they arrested the defendant in his home does not fatally taint the warrant -- instead, under Gray, the affidavit should be evaluated with the tainted information disregarded. See id. at 347 ("Because a valid search warrant would have issued regardless of the inclusion of the tainted information discovered during the initial entry into the apartment, there was an independent source for the challenged evidence"). Based on the facts supplied by the victim, a valid warrant would have issued for the defendant's cell phone regardless of the detective's observation of the phones during the defendant's arrest.
Given the cell phone's inevitable discovery, defense counsel's failure to argue the suppression motion was not conduct falling measurably below that of the ordinary fallible lawyer.
Voluntariness of the guilty plea. The defendant further contends that his guilty pleas were compelled by situational pressures and his own counsel's poor advice and conduct on the day of the hearing. This argument was not well developed in the defendant's motion in the trial court, but in any event it is without merit. The record reflects a knowing and voluntary plea and the assertion of defense counsel's alleged coercion is unsubstantiated.
A guilty plea must be voluntary and intelligent. See Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 637 (2007). It must be "free from coercion, duress or improper inducements" -- the defendant must also understand "the nature of the charges [against him] and the consequences of his plea." Id. at 638. Where the plea is prompted by counsel's advice, the advice must be "within the range of competence demanded of" criminal attorneys to ensure its voluntariness. Commonwealth v. Chetwynde, 31 Mass. App. Ct. 8, 12 (1991), quoting Hill v. Lockhart, 474 U.S. 52, 56, 59 (1985).
Here, the motion judge conducted a lengthy and detailed plea colloquy. The defendant confirmed that he was not under the influence of any substances, that he understood the charges against him, that he was satisfied with his attorney's assistance, and that he was pleading guilty of his own free will. The transcript demonstrates the judge's care in questioning the defendant sufficiently to ascertain whether the defendant's pleas were knowing and voluntary. See Commonwealth v. Williams, 71 Mass. App. Ct. 348, 354 (2008). Indeed, when the defendant indicated some confusion, the judge paused, further explained the ramifications of pleading guilty, and allowed the defendant additional time to answer.
Although the defendant argues that situational pressures affected the pleas' voluntariness, his motion is accompanied only by his own affidavit. There is no corroborating material, nor is there a signed affidavit from plea counsel. Moreover, such inherent pressures as the fear of prison time, concern for a longer sentence if taken to trial, and the normal pressures exerted by family and defense counsel will not by themselves render a plea involuntary. See Commonwealth v. Berrios, 447 Mass. 701, 708 (2006). The defendant's contention that counsel's poor advice compelled his pleas is similarly without merit because, as previously discussed, the motion to suppress was not viable and therefore it was appropriate, in the face of the video evidence, to advise the defendant to accept a plea deal with a reduced sentence. See Commonwealth v. Conceicao, 388 Mass. 255, 264 (1983).[3]
Order denying motion to withdraw guilty pleas affirmed.

The defendant raises several arguments on appeal that were not previously made in his motion to withdraw the guilty pleas. The court need not consider these arguments. See Commonwealth v. Stokes, 460 Mass. 311, 316 (2011).