The defendant, Francisco Nieves, Jr., appeals from the denial of his second motion for new trial. The defendant claims that his two convictions and consecutive sentences are duplicative and violate the double jeopardy clause of the Fifth Amendment to the United States Constitution because both arose from the same criminal act. As a result, he asserts, he is entitled to a new trial. We affirm.
Background. We briefly summarize the facts of the case. In December, 2005, a van slowly approached the victim while he was on the sidewalk, walking home from the store. The defendant, who was driving the van, lowered his window and accused the victim of withholding information about an earlier attack on the defendant. After saying "[f]ucking do it" to the front passenger, the defendant "slammed" himself back in his seat. The front passenger then raised a gun and fired it across the defendant, hitting the victim several times. One of the individuals in the van then exited the vehicle and kicked the fallen victim between the legs. The van then drove off.
Following a jury trial in 2007, the defendant was convicted as a joint venturer for armed assault with intent to murder under G. L. c. 265, § 18 (b ), and assault by means of a dangerous weapon under G. L. c. 265, § 15B.[2] The defendant received a nineteen to twenty year sentence for the assault with intent to murder and a consecutive four to five year sentence for the assault by means of a dangerous weapon.
The defendant's first motion for new trial, filed in February, 2010, raised claims of ineffective assistance of counsel and challenged the admission of certain evidence. The trial judge denied the motion on the papers. On June 15, 2011, this court affirmed the two convictions and the denial of the motion for new trial. See Commonwealth v. Nieves, 79 Mass. App. Ct. 1125 (2011).
On July 14, 2017, the defendant filed his second motion for new trial, which is before this court on appeal. In that motion, the defendant claimed that his convictions and consecutive sentences ran afoul of double jeopardy principles because both charges arose from "the same, single [criminal] act."[3] For the same reason, the defendant argued that the jury should have been instructed that they could only find him guilty of one, but not both, of the charges. The motion was denied by a different judge on December 4, 2017. In a detailed memorandum and order, the motion judge ruled that the defendant's claim of error had been waived by failing to raise the issue on direct appeal or in the first motion for new trial.[4] Since the defendant's claims were unpreserved, the motion judge reviewed them "only to determine if there was error and, if so, then [to] 'determine if a substantial risk of a miscarriage of justice occurred.' " Commonwealth v. King, 445 Mass. 217, 225 (2005), quoting Commonwealth v. Mamay, 407 Mass. 412, 418 (1990). The motion judge then found that no error occurred and denied the motion. The defendant timely appealed.
Discussion. The denial of a motion for new trial is reviewed "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. DiBenedetto, 458 Mass. 657, 664 (2011), quoting Commonwealth v. Wolinski, 431 Mass. 228, 235 (2000). A motion for a new trial should only be allowed "if it appears that justice may not have been done." Commonwealth v. Berrios, 447 Mass. 701, 708 (2006), quoting Commonwealth v. DeMarco, 387 Mass. 481, 482 (1982).
Here, the motion judge did not abuse his discretion in denying the second motion for new trial. The motion judge properly determined that the double jeopardy claims were waived, since the defendant failed to raise the issues at trial, in his first motion for new trial, or on direct appeal. See Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). The motion judge then applied the appropriate standard of review for unpreserved claims. See Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002) (in criminal cases unpreserved claims reviewed for error creating substantial risk of miscarriage of justice).
The motion judge denied the second motion for new trial based on the understanding that the defendant had been convicted of the crimes of assault with intent to murder and assault and battery by means of a dangerous weapon causing serious bodily injury, and cited to Commonwealth v. Vick, 454 Mass. 418, 430-436 (2009). The defendant, however, was not convicted of assault and battery by means of a dangerous weapon causing bodily injury, but was convicted of assault by means of a dangerous weapon. See note 1, supra. We therefore review the defendant's convictions of and separate sentences for assault with intent to murder and assault by means of a dangerous weapon to determine whether they violate double jeopardy protections. Relying on Commonwealth v. Bright, 463 Mass. 421, 445-446 (2012), we determine that there was no violation of double jeopardy protections because each crime requires proof of an element that the other does not. See Vick, supra; Morey v. Commonwealth, 108 Mass. 433, 434 (1871). So long as each crime requires proof of an element that the other does not, the defendant may be convicted of and punished for these two crimes even though they arose out of the same course of conduct. See ibr.US_Case_Law.Schema.Case_Body:v1">id. The defendant's second motion for new trial was properly denied. See Schwartz v. Travelers Indem. Co., 50 Mass. App. Ct. 672, 673 (2001) (appellate court may affirm for different reasons).[5]
Order entered December 4, 2017, denying motion for new trial affirmed.

Based on the lower court's docket, the defendant states in his brief that he was convicted of assault and battery by means of a dangerous weapon causing serious bodily injury, under G. L. c. 265, § 15A (c ) (i). However, as the Commonwealth notes, the trial transcripts, which were provided in the direct appeal, state that the defendant was tried and convicted of assault by means of a dangerous weapon under G. L. c. 265, § 15B. In addition, this court affirmed the conviction of assault by means of a dangerous weapon on direct appeal. See Commonwealth v. Nieves, 79 Mass. App. Ct. 1125 (2011). We further note that the defendant during oral argument acknowledged that the transcripts clarify that the defendant was convicted of assault by means of a dangerous weapon. Even if the defendant were convicted of assault and battery by means of a dangerous weapon causing bodily injury under G. L. c. 265, § 15A (c ) (i), we would likewise affirm. See Commonwealth v. Vick, 454 Mass. 418, 430-436 (2009) (contrasting the different elements of armed assault with intent to murder and assault and battery by means of a dangerous weapon causing serious bodily injury).

The double jeopardy clause of the Fifth Amendment protects against a defendant receiving multiple punishments for the same offense. See Luk v. Commonwealth, 421 Mass. 415, 419 (1995). Under this State's elements-based test, "[t]he actual criminal acts alleged are wholly irrelevant to the application of [the rule]; rather, the elements of the crimes charged are considered objectively, abstracted from the facts ...." Commonwealth v. Cabrera, 449 Mass. 825, 827 (2007), quoting Commonwealth v. Jones, 441 Mass. 73, 76 (2004).

"If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived." Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000).

The defendant also claims for the first time on appeal that the jury instruction for the assault with intent to murder charge was defective. Because the claim was not included in the second motion for new trial, it is "not properly before this court and we need not consider it." Commonwealth v. Stokes, 460 Mass. 311, 316 (2011).